FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA

MAR 2 5 2015

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

DUKHAN IQRAA JIHAD MUMIM,

    Petitioner,

vs.

THE NEBRASKA SUPREME COURT,

    Respondent,

Case No. 4:15CV3035

MANDAMUS/MANDATORY

INJUNCTION

    The action is brought pursuant to Federal Rules of Civil Procedure, to request of the Court to issue a Mandamus/Mandatory Injunction, enjoining upon the respondent to issue a mandate, ordering the Lancaster County District Court to comply with mandatory statutes, Neb. Rev. Stat. §27-804/Fed. R. Evid. 804, and the mandate established by the United States Supreme Court within Melendez-Dias v. Mass, 129 S.Ct. 2527.

    Extraordinary writs like mandamus are useful safety valves for promptly correcting serious errors, but only exceptional circumstances amounting to judicial usurpation of power or a clear abuse of discretion will justify the invocation of the extraordinary remedy of mandamus. In re Lombardi, 741 F3d 888 (8th Cir. 2014).

    In the instant case, failure on the part of the Nebraska courts to ensure compliance with Neb. Rev. Stat. §27-804, Fed. R. Evid. 804, and the precedent of the United States Supreme Court in Melendez-Dias v. Mass, amounts to a judicial usurpation of power and a clear abuse of discretion.

    The Petitioner asked the Nebraska Supreme Court to intervene in this matter,

which that Court declined. The jurisdiction of the Nebraska Supreme Court was invoke pursuant to the Nebraska Constitution. Attached hereto is the Petition filed by Petitioner and the response.

The respondent could not present any legitimate excuse as to why they refused to comply with mandatory provisions of state and federal law. It was an unreasonable misapplication of federal law, for the respondent to not ensure compliance with §27-804, which parallels precisely Fed. R. Evid. 804. Danforth v. Crist, 624 F3d 915.

Petitioner contends that the jurisdiction of this Court is invoked pursuant to Federal Rules of Civil Procedure, Rule 81.

Respectfully submitted,

*Dukhan Mumin*

Dukhan Mumin

RECEIVED

FEB 17 2015

CLERK
NEBRASKA SUPREME COURT
COURT OF APPEALS

IN THE NEBRASKA SUPREME COURT

DUKHAN MUMIN,

    Petitioner,

vs.

LANCASTER COUNTY DISTRICT COURT,

    Respondent.

Case No.

APPLICATION FOR WRIT OF MANDAMUS

    **COMES NOW** the Petitioner, Dukhan Mumin, pro se, pursuant to Neb. Rev. Stat. 25-2159, and moves the Court to grant an Application For Writ of Mandamus for the reasons stated herein:

    1.    When the right to require the performance of the act is clear and it is apparent that no valid excuse can be given for not performing it, a peremptory mandamus may be allowed in the first instance. **Neb. Rev. Stat. 25-2159.**

    2.    In the event that the Respondent disputes or opposes this Writ, the Petitioner would request of the Court to grant an Alternative Writ of Mandamus.

    3.    The Respondent has no valid excuse as to why it refuses to ensure compliance with Neb. Rev. Stat. 27-804/Fed. R. Evid. 804 and Neb. Rev. Stat. 27-410/Fed. R. Evid. 410. These are mandatory statutes, a violation of which invalidates any subsequent proceedings under it. **State v. Castor, 262 Neb. 423.**

    4.    The Petitioner filed a postconviction action in the Lancaster County District Court under case number CR 11-954. He asked that Tribunal to invalidate the judgment and sentence, because the trial court failed to ensure compliance with Neb. Rev. Stat. 27-804, as it related to witness unavailability and notice.

    5.    The above referenced statute and precedent Ne-

braska Supreme Court case law makes it absolutely mandatory that the prosecution make the requisite showing, on the record, that its non-testifying witnesses are unavailable, before hearsay statements could be admitted.

6. In CR 11-954, there was a total failure on the part of the State to prove that the CI, Mrs. Harris, and Abbigail Dodds were unavailable to testify at trial.

7. The Nebraska Court of Appeals reversed the conviction of Scott, stating that the lower court erred by failing to require of the State to prove that its witnesses were unavailable. **State v. Scott, 2001 Neb. App. Lexis 42.**

8. This Court ruled that 27-804 must be rigidly enforced. **State v. Leisy, 207 Neb. 118.**

9. Additionally, this Court ruled in Collins that the trial court has a duty to ensure compliance with a mandatory statute. That a defendant does not have to object to a mandatory statute. That waiver of such right only occurs by expressed consent on the part of the defendant. **State v. Collins, 281 Neb. 927.**

10. The second part of 27-804 mandates notice in advance of the hearing or trial that a proponent will be offering hearsay statements, to the adverse party, to give them an opportunity to prepare to meet it.

11. In CR 11-954, there was a total failure on the part of the State to give Petitioner notice in advance of the suppression hearing or trial, that it would be offering hearsay statements of the CI, Mrs. Harris, and Abbigail Dodds, the lab analyst.

12. It is also noteworthy to mention that the United States Supreme Court ruled that a prosecutor must give a defendant notice in advance of the trial that it would be offering the report of an analyst as evidence.

13. In CR 11-954, the trial court allowed the State to offer the report of Abbigail Dodds, without ensuring that the Petitioner was given notice prior to trial that it would be offering the report.

14. Again, these duties are mandatory, a violation of which will invalidate further proceedings. **Castor supra.**

15. Petitioner asked the postconviction court to invalidate the judgment and sentence, and order a new trial, for failure on the part of the trial court to follow the laws legislated by the Nebraska Legislature.

16. This failure to comply with Nebraska laws encroaches on the Due Process Clause of the United States Constitution and Constitution of Nebraska, and violates Petitioner's rights under the First, Fifth, Sixth, and Fourteenth Amendments.

17. Neb. Rev. Stat. 27-410 prohibits the use of prior convictions which resulted from no contest pleas to enhance a sentence under Neb. Rev. Stat. 29-2221.

18. The Nebraska Legislature has determined that these convictions are not final judgments for purposes of enhancement..

19. In CR 11-954, the trial court allowed the State to offer prior convictions in contradiction of the statute. Failure to comply with this mandatory statute, invalidated the enhancement hearing.

20. The State used a conviction out of Douglas County, Nebraska and two convictions from Lancaster County, all of which were the result of no contest pleas, to enhance Petitioner's sentence.

**WHEREFORE,** the Petitioner respectfully request of This Court to grant a Writ of Mandamus, for the Respondent has no excuse for not invalidating the judgment and conviction in the case mentioned herein, because of the failure of the trial court to comply with the mandatory statutes mentioned herein.

Respectfully submitted,

*Dukhan Mumin*

Dukhan Mumin

CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true copy of the foregoing Application For Writ of Mandamus was sent to Douglas Peterson, Attorney General, 2115 State Capitol Bldg., Lincoln, Nebraska 68509, by U.S. mail, postage prepaid, this 11th day of February 2015.

*Dukhan Mumin*

Dukhan Mumin

IN THE NEBRASKA SUPREME COURT

DUKHAN MUMIN,                                  Case No. _____

       Petitioner,

vs.

LANCASTER COUNTY DISTRICT COURT,

       Respondent.

## BASIS FOR JURISDICTION

The Supreme Court shall have jurisdiction in all cases relating to the revenue, civil cases in which the state is a party, mandamus, quo warranto, habeas corpus, election contests involving state officers other than members of the Legislature, and such appellate jurisdiction as may be provided by law.

_____

Dukhan Mumin

NEBRASKA SUPREME COURT
AND NEBRASKA COURT OF APPEALS
OFFICE OF THE CLERK
P.O. BOX 98910
2413 STATE CAPITOL BUILDING
LINCOLN, NE 68509
(402) 471-3731

March 11, 2015

Dukhan Mumin #78609
TSCI c/o LRC Building 1
2725 N Hwy 50, PO Box 900
Tecumseh, NE 68450 0900

**IN CASE OF:** S-15-000161, Mumin v. Lancaster County District Court

**The following internal procedural submission or filing by a party:**

Applt Petition for Writ of Mandamus **submitted or filed** 02/25/15

**has been reviewed by the court and the following order entered:**

Petition for Writ of Mandamus denied.

Respectfully,

CLERK OF THE SUPREME COURT
AND COURT OF APPEALS

# IMPORTANT NOTICE

Due to the reduced number of cases awaiting submission to the Supreme Court and Court of Appeals, and as part of the courts' continuing efforts to reduce case-processing time, **future requests for brief date extensions will be closely scrutinized.** See Neb. Ct. R. App. P. §§ 2-106(F) and 2-109(A). Pursuant to Neb. Ct. R. App. P. § 2-110(A), if an appellant's default for failure to file briefs is issued, appellant "is required to file a brief within 10 days after receipt of such notice. Appellant's failure to file a brief in response to the notice of default subjects the appeal to dismissal."

**PLEASE BE ADVISED THAT THESE RULES WILL BE STRICTLY ENFORCED.**

Dunkhan Meemen 78604
P.O. Box 900
Tecumseh, NE 68450



NOTICE! THIS CORRESPONDENCE
WAS MAILED BY AN INMATE CONFINED
IN AN INSTITUTION OPERATED BY
THE NEBRASKA DEPARTMENT OF
CORRECTIONAL SERVICES. ITS CONTENTS
ARE UNCENSORED.

**RECEIVED**

MAR 25 2015

CLERK
U.S. DISTRICT COURT
LINCOLN

Legal Mail

Clerk of the U.S. District Court
593 Federal Bldg.
100 Centennial Mall North
Lincoln, NE 68508