IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DUKHAN IQRAA JIHAD MUMIN, | ) | 4:15CV3035 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| THE NEBRASKA SUPREME COURT, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

Plaintiff Dukhan Iqraa Jihad Mumin ("Mumin") filed this action on March 25, 2015. This court has given Mumin leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of Mumin's pleading to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

### II. DISCUSSION

Mumin asks this court to issue a writ of mandamus compelling a state district court to comply with the rules governing the use of hearsay. (Filing No. 1.) Under 28 U.S.C. § 1361, district courts have "original jurisdiction of any action in the nature of

mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The writ of mandamus is an extraordinary remedy, and therefore must be issued only in extraordinary circumstances. "In order to insure that the writ will issue only in extraordinary circumstances [the United States Supreme Court] has required that a party seeking issuance have no other adequate means to attain the relief he desires, and that he satisfy the burden of showing that his right to issuance of the writ is clear and indisputable." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980) (citations and internal quotations omitted).

Mumin has not identified any extraordinary circumstance entitling to mandamus relief. Moreover, this court lacks jurisdiction to issue a writ of mandamus against a state court. *See* 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States or any agency thereof* to perform a duty owed to the plaintiff") (emphasis added). Therefore, the court will dismiss this action for lack of jurisdiction.

IT IS THEREFORE ORDERED that: This action is dismissed without prejudice. The court will enter a separate Judgment in accordance with this Memorandum and Order.

DATED this 26th day of August, 2015.

BY THE COURT:


s/ Joseph F. Bataillon
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.